In The
# UNITED STATES COURT OF APPEALS
For The Third Circuit

_____

No. 14-1402
_____

Jose Juan Chavez-Alvarez
*Appellant*

v.

Mary Sabol, et al.
*Appellees*

_____

**REPLY BRIEF OF APPELLANT**
_____

Appeal of Final Judgment Denying Petition for Writ of Habeas Corpus
In the United States District Court for the Middle District of Pennsylvania
No. 1:12-cv-2130

                                            Valerie A. Burch
                                            PA Bar No. 92873
                                            The Shagin Law Group
                                            120 South Street
                                            Harrisburg, PA 17101
                                            717-221-1111
                                            vburch@shaginlaw.com

                                            *Pro Bono Attorney for*
                                            *Appellant*

# **TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ........................................................................1

STATEMENT OF FACTS ...............................................................................4

ARGUMENT ....................................................................................................8
    I.    Chavez did not unreasonably delay his removal proceedings. .............8
    II.   The government entirely ignores the fundamental principles behind *Diop* and *Leslie*—that, absent a bond hearing, pre-removal detention can only last for a "*brief* period" and time needed to pursue bona fide legal challenges must be counted (though not against the detained person) in assessing whether detention has grown unreasonable in length……………………………………………………………10
    III.  As in *Diop* and *Leslie*, this court should not remand to the district court, but consider the entirety of Chavez's mandatory detention….11

CONCLUSION ...............................................................................................14

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) .....................................16

CERTIFICATE OF BAR MEMBERSHIP .............................................................16

CERTIFICATE OF IDENTICAL VERSIONS .......................................................16

CERTIFICATE OF VIRUS CHECK ....................................................................16

CERTIFICATE OF SERVICE ..............................................................................16


# TABLE OF AUTHORITIES

**Cases**

*Demore v. Kim,* 538 U.S. 510 (2003) ................................................................. 1-2
*Diop v. ICE/Homeland Security,* 656 F.3d 221 (3d Cir. 2011) ....................... passim
*Leslie v. Att'y Gen. of the United States,* ........................................................ passim

**Statutes**

8 U.S.C. § 1226 (INA § 236) ...................................................................... 1-2, 17
8 U.S.C. § 1229a (INA § 240) ............................................................................ 5

**Rules and Regulations**

8 C.F.R. § 287.6 ............................................................................................. 5-6
8 C.F.R. § 1003.41 ......................................................................................... 5-6

# SUMMARY OF ARGUMENT

In opposing Chavez's request for a single, constitutionally-adequate bond hearing to determine whether his ongoing 805 days of civil immigration detention are necessary, the government filed a 59-page brief and 282-page supplemental appendix consisting of all its hearing exhibits filed in the district court. Among these exhibits is the full transcript of Chavez's removal proceedings, the immigration judge's decisions and select briefs and motions filed in the immigration court.

In spite of its girth, the government's brief incorrectly blames Chavez for many delays of the removal proceedings. Furthermore, relying on these misstatements, the government takes an entirely new position—that Chavez unreasonably delayed his removal proceedings. Gov't Br. at 33-37. This position contradicts its position in the district court, where it conceded that there were no "undue" or "unreasonable" delays by either party. Dkt. 18, Resp'ts Prehr'g Mem. at 2, 19, 20; Dkt. 31, Br. in Opp'n to Pet.'s Objections to Report and Recommendation at 5-6.

Furthermore, the government entirely ignores the fundamental principles behind *Diop* and *Leslie*, this Court's most pertinent decisions governing Chavez's appeal. Gov't Br. at 1, 15, 17-19, 23-25. Specifically, it fails to acknowledge *Demore's* fundamental limitation—that, absent a bond hearing, pre-removal

1

detention can only last for a "*brief* period"—"roughly a month and a half in the vast majority of cases … and about five months in the minority of cases in which an alien chooses to appeal." *See, Diop v. ICE/Homeland Sec.,* 656 F.3d 221, 233-35 (3d Cir. 2011) (holding that "§ 1226(c) contains an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length") (emphasis added); *quoting Demore v. Kim,* 538 U.S. 510, 513, 530 (holding that § 1226(c) authorizes pre-removal detention of "deportable criminal aliens" "for the *brief* period necessary for their removal proceedings") (emphasis added). Nor does the government so much as mention the following rule, upon which *Leslie's* holding depends: Time needed for the detained person to pursue bona fide legal challenges must be counted—and not against the detained person—when assessing whether detention has grown unreasonable in length. *See Leslie v. Att'y Gen.,* 678 F.3d 265, 271 (3d Cir. 2012) (declining to treat as reasonable "delay caused by [Leslie's] pursuit of bona fide legal challenges" on the grounds that doing so "would effectively punish [Leslie] for pursing applicable legal remedies") (internal citation and quotation omitted).

The government incorrectly asserts that *Diop* forecloses the Court from adopting a presumptive time limit on pre-removal detention. *See* Gov't Br. at 44, 50-51. In doing so, it mischaracterizes Chavez's habeas petition as strictly an "as-applied constitutional challenge to mandatory detention under 8 U.S.C. §

2

1226(c)[.]" *See,* Id. at 1. To the contrary, Chavez has asserted from the start that his ongoing detention without a bond hearing violates both the Due Process Clause and Section 1226(c). *See* Dkt. 1, Habeas Pet. at 28, 31. For the reasons set forth in *amici's* briefs, Chavez agrees that a presumptive time limit on pre-removal detention should be set and is not precluded by *Diop*. However, if this Court opts not to articulate such a presumption, Chavez should, nonetheless, be given a constitutionally adequate bond hearing because at 805 days, his own detention is unreasonably prolonged—presumption or not.

Lastly, the government's argument that this Court should remand the appeal so that the district court may consider recent developments in Chavez's removal case contradicts this Court's approach in *Diop* and *Leslie* and would be contrary to judicial economy and the interests of justice. *See* Gov't Br. at 39-42. Remand would only prolong Chavez's already unreasonable detention[1] and remove from this Court an opportunity to address precedential issues regarding the proper application of *Diop's* "reasonableness" standard. To the extent that new developments in Chavez's removal proceedings are pertinent, this Court can—as it did in *Diop* and *Leslie*—take judicial notice of them.

---

[1] Chavez's habeas petition languished at the district court for 454 days. Appx., Dkt. Sheet at 2-4. After the parties filed their briefs, it took the district court more than five months to hold a hearing (to determine whether a bond hearing should be held) and another eight months to deny the petition. Id.

3

## **STATEMENT OF FACTS**

The government's brief misstates many facts relating to the procedural history of Chavez's removal proceedings and the cause of certain delays. Because Chavez's opening brief provides a complete chronological statement of relevant facts, this statement serves only to correct the government's most egregious errors.

> **Error #1.** "[T]he government was only directly responsible for less than two weeks of delay…[.]" Gov't Br. at 32.

The government was actually responsible for far more than two weeks of delay. Following are some examples of other delays attributable to the government.

First, although Department of Homeland Security (DHS) agents arrested Chavez and served him with a Notice to Appear (NTA) on June 5, 2012, the agency waited until June 14 to file the NTA with the immigration court. Supp. App., NTA at 3-4, Trans. at 22, 36; Dkt. 23-11, IJ Dec. & Order at 1. Delay = 9 days.

Second, at the first master calendar hearing, held June 19, 2012,[2] DHS was unprepared. It did not have the "alien" file and had not filed any evidence in support of its allegations of removability, though it bore the burden of proof. Supp. App., Trans. at 26 (DHS attorney commenting "I only have a T file right

---

[2] It took the immigration court 5 days—from June 14 to June 19—to hold the hearing. Delay = 5 days.

now."), 34 (DHS attorney commenting, "I'm not sure why we don't have the file."); *see* 8 U.S.C. § 1229a(c)(3) (burden of proving removability on government). In fact, the DHS attorney and IJ admitted that unpreparedness at the initial hearing is the agency's usual practice. Supp. Appx., Trans. at 36 (DHS attorney and IJ explaining that the DHS attorneys "usually don't serve" evidence in support of allegations of removability "[u]ntil after we take the pleadings."). Over Chavez's requests for an immediate *Joseph* hearing and motion to terminate, the IJ continued the case to July 11, 2012. Supp. Appx., Trans. at 36-37, 40-42. While Chavez's counsel was simultaneously searching for (nonexistent) California adoption records that might have demonstrated his US-citizenship (Id. at 7, 9), because the burden of proof was on the government, the delay was its fault. This much is clear from the IJ's repeated explanation that, "I do have to give [DHS] the opportunity to present the evidence" (Id. at 41), "I've got to give the Government the opportunity to hand up the documents that they have and to make the case" (Id. at 40), and "I have to give them the opportunity to make the case" (Id. at 42). The IJ set the next hearing for July 11, 2012. Id. at 42. Delay = 22 days.

Third, it was not until August 6 that the government finally filed an unredacted and certified copy of its evidence that was not missing any pages. Supp. Appx., Trans. at 120-21. Because this evidence was necessary to support its

case (*see* 8 C.F.R. §§ 287.6(a), 1003.41(b)), this delay was the government's. Delay = 27 days.

> **Error #2.**     "The government has diligently and timely responded to Chavez-Alvarez's multiple filings in immigration court and before the Board of Immigration Appeals."  Gov't Br. at 1-2.

Substantial immigration court briefing was ordered by the IJ and necessary on account of the complexity of the issues. *See* Pet.'s Br. at 8-15. Both parties took time to brief the issues, and the IJ took time to issue lengthy opinions on them. Id.

Significantly, the BIA is the party responsible for the longest single delay of all. It took a full 270 days (after briefing was complete) to issue its decision. *See* Dkt. 14-4, Filing Receipt for Appeal at 1 (indicating that appeal was filed on April 4, 2013); Appx., Trans. at 32 (indicating that briefing was due on June 18, 2013); *Matter of Chavez-Alvarez,* 26 I&N Dec. 274 (March 14, 2014). Had Chavez raised no meritorious issues on appeal, the BIA surely would have decided the matter sooner. After all, according to a 2012 Office of the Inspector General (OIG) report, the average time the BIA takes to decide an appeal of a detained person (after briefing) is 21 days. *See* US Dept. of Justice, OIG, "Management of Immigration Cases and Appeals by the Executive Office for Immigration Review" (Oct. 2012), pp. 43-45, *available at* http://www.justice.gov/oig/reports/2012/e1301.pdf. The Board took more than 12

6

times longer to decide Chavez's appeal. And when it finally did, it issued the decision as precedent. *Matter of Chavez-Alvarez,* 26 I&N Dec. 274 (March 14, 2014).

Although the time taken by the BIA just to issue its decision (270 days) nearly matches the entire length of the immigration court proceedings (273 days), the government's erroneous explanations of other delays for briefing and the like during the removal proceedings warrant a mention here.

First, DHS never filed a brief at the BIA. *See* Gov't Br. at 13, 54 ("[B]oth sides briefed the issues before the Board").[3] It filed a one-page, boilerplate motion for summary affirmance in which is argued that "the issues on appeal are squarely controlled by existing precedent …[.]" Supp. Appx. at 252.

Second, the government blames Chavez for delay to "seek[] various forms of discretionary relief from removal" and "serial requests for relief." Gov't Br. at 29, 34. However, Chavez only sought to apply for one form of relief from removal—a "standalone 212(h) waiver." Supp. Appx., Oral Dec. & Order of IJ at 236-37 (describing 212(h) waiver as the "sole form of relief that [Chavez] seeks in these proceedings").

---

[3] The document cited by the government as DHS's BIA "brief" was filed in the immigration court, not at the Board, as is clearly indicated by the document's header which reads, relevantly, "OFFICE OF THE IMMIGRATION JUDGE YORK, PENNSYLVANIA[.]" Supp. Appx. at 262.

Third, the government mischaracterizes the IJ's briefing orders, which were directed at *both* parties, as Chavez's requests for time to brief the issues. *Compare* Gov't Br. at 8-11 *with* Pet. Br. at 10-14.

## ARGUMENT

### I.     Chavez did not unreasonably delay his removal proceedings.

The government argues, for the first time on appeal that Chavez has unreasonably delayed his removal proceedings. *Compare* Gov't Br. at 34 ("Chavez-Alvarez is responsible for delay in proceedings[,]" "[T]he nature of Chavez-Alvarez's case and his own tactics were generally responsible for the length of his removal proceedings[,]" and "Courts must be sensitive to the possibility that dilatory tactics by a removable alien may serve to put off the final day of deportation.") *with* Dkt. 18, Resp'ts Prehr'g Mem. at 2 ("Delays on the removal proceedings thus far were due to the complexity of his particular case and were caused by actions or requests by Chavez-Alvarez, DHS, and the Immigration Court and none of these delays were undue."), 19 ("[T]here has been no undue delay by either party …[.]"), 20 ("Respondent submits that neither party has attempted to intentionally delay the proceedings and that none of the delays were unreasonable."); Dkt. 31, Br. in Opp'n to Pet.'s Objections to Report and Recommendation at 5-6 ("Neither Respondent nor the Magistrate Judge have

stated that any of the delays in these proceedings were undue or intended to cause delay.").

The reality is that Chavez's removal proceedings raised extremely complicated "issues for which there was no precedent." *Quoting* Gov't Br. at 38. As the government acknowledged in the district court, everyone involved—DHS, the IJ and Chavez's counsel needed time to consider these complex issues. *See e.g.,* Dkt. 18, Resp'ts Prehr'g Mem. at 2, 6 (noting that ICE and Chavez "both requested additional time to brief [an] issue"), 7 (noting that IJ "needed time to consider all of the issues, evidence and briefs"), 7-8 (noting that both parties needed time in November 2012—one for a motion and the other for a brief), 9 (noting that the IJ "directed the parties to brief the applicability of BIA's decision in *Matter of Sanchez* as it relates to Chavez-Alvarez' 212(h) eligibility").

The BIA is responsible for the single longest delay—270 days to decide the appeal (after briefing). Appx., Trans. at 32 (indicating that briefing was due on June 18, 2013); *Matter of Chavez-Alvarez,* 26 I&N Dec. 274 (March 14, 2014). This is more than twelve times longer than average. *Supra.* The government argues that this delay was reasonable due to the complexity of the issues. Gov't Br. at 38. Yet it simultaneously suggests that Chavez's litigation efforts are "dilatory tactics" and that his removal is "likely[.]" Gov't Br. at 30, 34. The fact

9

that the Board issued a precedential decision in answer to Chavez's appeal demonstrates otherwise.

> II. **The government entirely ignores the fundamental principles behind *Diop* and *Leslie*—that, absent a bond hearing, pre-removal detention can only last for a "*brief* period" and time needed to pursue bona fide legal challenges must be counted (though not against the detained person) in assessing whether detention has grown unreasonable in length.**

By ignoring *Diop's* reasoning, the government wrongly treats the due process analysis as a contest between the parties, where one side must show that the other side caused unreasonable delay. Gov't Br. at 25, 27 (arguing that "the question would be whether there are significant, unjustifiable delays in the proceedings ordered at the government's request"), 32 (arguing that government must cause "extended delays by committing errors or requesting undue extensions" before detention can become excessive), 34 (same). However, as the Court in *Diop* recognized, reasonable actions by the parties can result in unreasonable periods of mandatory detention. *Id.* at 223 (recognizing that "individual actions by various actors in the immigration system, each of which takes only a reasonable amount of time to accomplish, can nevertheless result in the detention of a removable alien for an unreasonable, and ultimately unconstitutional, period of time"). Length of time is the primary factor, and there is no requirement that Chavez show unreasonable delay on the part of the government in order to be afforded a bond hearing.

By ignoring *Leslie's* reasoning, the government wrongly argues that Chavez should be punished for litigating his case. Gov't Br. at 31 (arguing that because the agency rejected Chavez's legal positions and he petitioned for judicial review, seeking a stay and briefing extension in the process, he cannot "claim[] that continued detention in order to complete those proceedings violates the constitution."). It must be remembered that both Diop and Leslie pursued legal positions rejected by the agency. *Diop* at 224-26 ; *Leslie* at 267. Indeed, every time this Court grants a petition for review of a Board decision, the agency must have rejected the legal claims and the case must have "journey[ed] through our complex immigration system" for some time. *Quoting Diop* at 223. This is why time needed for the detained person to pursue bona fide legal challenges must be counted—and not against the detained person—when assessing whether detention has grown unreasonable in length. *See Leslie* at 271 (3d Cir. 2012) (declining to treat as reasonable "delay caused by [Leslie's] pursuit of bona fide legal challenges" on the grounds that doing so "would effectively punish [Leslie] for pursing applicable legal remedies") (internal citation and quotation omitted). The government's arguments ignore this key principle.

### III. As in *Diop* and *Leslie*, this court should not remand to the district court, but consider the entirety of Chavez's mandatory detention.

The government urges this Court to dismiss or remand Chavez's appeal so that the district court may consider the developments in his removal case since it

rendered decision in January 2014. Gov't Br. at 39-42. But as the government effectively concedes, *see* Gov't Br. at 41, this approach is contrary to this Court's decisions in *Diop* and *Leslie*, where the Court considered the *entirety* of the petitioners' removal cases to determine whether their continued mandatory detention was unreasonable. *See Diop*, 656 F.3d at 225-26, 234-35; *Leslie*, 678 F.3d at 268, 270-71. Indeed, the Court in both cases granted motions to supplement the record and update the Court on the petitioners' removal cases and, in *Leslie*, specifically requested that the government provide supplemental documents on Mr. Leslie's removal case.[4]

Indeed, as the government itself acknowledges, *see* Gov't Br. at 41-40, this Court has deemed it proper to supplement the record on appeal on a case-by-case basis based on the following factors:

> (1) whether the proffered addition would establish beyond any doubt the proper resolution of the pending issue; (2) whether remanding the case to the district court for consideration of the additional material would be contrary to the interests of justice and the efficient use of judicial resources; and (3) whether the appeal arose in the context of a habeas corpus action.

---

[4] *See, e.g., Diop v. ICE/Homeland Security,* No. 10-1113 (3d Cir. May 19, 2010) (order granting *amici curiae*'s Motion for Leavee to File Supplemental Appendix); *Leslie v. Attorney General*, No. 11-2442 (3d Cir. Feb. 29, 2012) (documents filed at the Court's request at oral argument); *id.* (3d Cir. Mar. 9, 2012) (order granting *amici curiae*'s Motion to Supplement the Record and update the Court on Petitioner's Related Removal Proceedings).

*Acumed LLC v. Advanced Surgical Services, Inc.*, 561 F.3d 199, 226 (3d Cir. 2009) (citing *In re Capital Cities/ABC Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 97 (3d Cir. 1990).

Contrary to the government's assertions, *see* Gov't Br. at 41, all these factors favor supplementing the record here. Chavez's appeal arises in the context of a habeas action. Remanding his case to the district court would be contrary both to judicial economy given that, as in *Diop* and *Leslie*, the Court is entirely capable of weighing the intervening developments in Chavez's removal case, as well as to the interests of justice, as a remand would have the effect of prolonging Chavez's already unreasonable mandatory detention. And Chavez's subsequent removal proceedings make it even clearer that his mandatory detention has extended beyond a reasonable period of time. *See supra*.

The government seeks to distinguish this Court's approach in *Diop* and *Leslie* by asserting without explanation that, unlike Chavez's case, those cases involved "exceptional circumstances" that required this Court's "full consideration of precedential issues," and therefore did not warrant a remand to the district court. But it is unclear in what sense *Diop* and *Leslie* were "exceptional" in any relevant respect, in that, like Chavez's case, they also involved this Court determining whether the petitioners' mandatory detention had extended beyond a reasonable

period of time.[5] And, contrary to the government, Chavez's case *does* require consideration of precedential issues regarding the proper application of *Diop*'s "reasonableness" standard. *See* Br. of *Amici Curiae* at 4-14 (identifying open issues in *Diop* cases that require this Court's clarification). For these reasons, the government's request for a remand should be rejected.[6]

## CONCLUSION

Appellant asks that his habeas petition be remanded to the district court for a prompt hearing in the district court at which Appellees will bear the burden of justifying his ongoing detention.

---

[5] Indeed, it seems that, on the government's view, no case after *Diop* and *Leslie* would be "exceptional," and thus this Court *always* would be required to remand for the district court to consider the inevitable developments in the removal case that post-date the decision below. Such a rule would entirely undermine this Court's ability to provide guidance to the lower courts in *Diop* cases.

[6] The cases the government cites in support of its request are clearly inapposite. In *Foster v. Attorney General*, 532 Fed. Appx. 112, 114 (3d Cir. Aug. 27, 2013), the district court initially granted the habeas petitioner relief from mandatory immigration detention under an interpretation of 8 U.S.C. § 1226(c) that was rejected by this Court in *Sylvain v. Attorney General*, 714 F.3d 150 (3d Cir. 2013), while the government's appeal of the decision was pending. This Court remanded the case merely so that the district court could address the petitioner's separate challenge to his mandatory detention under *Diop*—an argument the district court previously did not reach. *Casey v. Planned Parenthood of Southeastern Pennsylvania*, 14 F.3d 848, 856m 858-62 (3d Cir. 1994), rejected the *district court's* decision on remand to allow the plaintiffs to submit additional proof to show that a set of abortion restrictions were unconstitutional as contrary to the Supreme Court's ruling and mandate upholding those rules. And in *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d Cir. 1986), the Court again held that the *district court* improperly supplemented the record on appeal, and that the Court of Appeals likewise could not accept those records "on its own motion."

|  |  |
|---|---|
|  | Respectfully submitted, |
| August 18, 2014 | */s/Valerie A. Burch*<br>Valerie A. Burch<br>PA 92873<br>THE SHAGIN LAW GROUP, LLC<br>120 SOUTH STREET<br>HARRISBURG, PA 17101<br>vburch@shaginlaw.com<br>(717) 221-1111 (phone)<br>(717) 221-1110 (fax)<br><br>*Pro Bono Counsel for Appellant* |

## C<small>ERTIFICATE OF</small> C<small>OMPLIANCE WITH</small> R<small>ULE</small> 32(a)

I certify that:
1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains no more than 5,000 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).
2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Times New Roman, a proportionally spaced typeface, using Microsoft Office Word 2007.

August 18, 2104                         */s/Valerie A. Burch*
                                        Valerie A. Burch

## C<small>ERTIFICATE OF</small> B<small>AR</small> M<small>EMBERSHIP</small>

I certify pursuant to L.A.R. 46.1(e) that I am admitted to practice before the United States Court of Appeals for the Third Circuit.

August 18, 2014                         */s/Valerie A. Burch*
                                        Valerie A. Burch

## C<small>ERTIFICATE OF</small> I<small>DENTICAL</small> V<small>ERSIONS</small>

I certify that the text of both the electronic and hard copy versions of the foregoing brief are identical.

August 18, 2014                         */s/Valerie A. Burch*
                                        Valerie A. Burch

## C<small>ERTIFICATE OF</small> V<small>IRUS</small> C<small>HECK</small>

I HEREBY CERTIFY that a virus check was performed on the PDF version of this brief using Wepawet and that no virus was found.

August 18, 2014                         */s/Valerie A. Burch*
                                        Valerie A. Burch

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I certify that on August 18, 2014, I filed the foregoing brief electronically through the ECF system of the United States Court of Appeals for the Third Circuit, which caused counsel of record to be served by ECF.

August 18, 2014                         */s/Valerie A. Burch*
                                        Valerie A. Burch